IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MORRIS MITCHELL, et al.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 24-cv-1836-DWD |
| ) | |
| **F.C.I. MARION ADMIN.,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Morris Mitchell, an inmate of the Federal Bureau of Prisons currently incarcerated at the Federal Correctional Institute in Terre Haute, Indiana (FCI Terre Haute), initiated this action by filing a Motion for an Emergency Restraining Order ("TRO") about his living conditions at the Federal Correctional Institute in Marion, Illinois (FCI Marion) (Doc. 1). He sought a restraining order against the prison administration and a transfer to a safer and healthier environment. The Court denied the Motion, and instructed Plaintiff to file a complaint, because without an operative complaint injunctive relief was not appropriate. (Doc. 3). Plaintiff filed an Amended Complaint (Doc. 5), and a Second Motion for an Emergency Temporary Restraining Order (Doc. 6). The Amended Complaint was also dismissed as insufficient. (Doc. 8). Shortly after the Order finding the Amended Complaint insufficient, Plaintiff Morris Mitchell sought an extension of time to pay the filing fee and to pursue this action, indicating he had been transferred and was awaiting a further transfer. (Doc. 9). The Court granted the requested extension

and provided until November 18, 2024, for Plaintiff to file any amended pleading and to pay a filing fee. (Doc. 15). The Court also directed that the Order rejecting the Amended Complaint be re-sent to Plaintiff at his updated address, and it was never returned undeliverable. Plaintiff updated his address again on October 15, 2024, but otherwise has not communicated with the Court about this case.

Based on the foregoing series of events, the Court now finds that Plaintiff has abandoned this action entirely, and that his abandonment constitutes a failure to prosecute. *See* Fed. R. Civ. P. 41(b); *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) (under Rule 41(b) a court has authority to dismiss an action for failure to prosecute if a party does not provide a timely response to a court order). The Court also notes that Plaintiff listed co-Plaintiffs, which the Court discussed in the Order on the Amended Pleading. (Doc. 8 at 3). The Court attempted to reach those parties by mail about their desire to participate in this case, but got any response whatsoever. As such, the Court now finds it appropriate to dismiss this entire matter for failure to prosecute.

## Disposition

This matter is dismissed in full for failure to prosecute. The Clerk of Court is **DIRECTED** to enter judgment and to **CLOSE** this case. The Clerk need not undertake any further efforts to collect a filing fee for this matter.

**IT IS SO ORDERED.**

Dated: December 12, 2024

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge